UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARK ANTHONY BROWN,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Respondent. | Civ. Case No. 1:20-cv-00174-BLW<br>Crim. Case No. 1:13-cr-00060-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Defendant-Petitioner Mark Anthony Brown has filed a series of motions asking the Court to enjoin the Bureau of Prisons ("BOP") from withdrawing funds from his inmate account under the Inmate Financial Responsibility Program ("IFRP"), including a motion to vacate his sentence under 28 U.S.C. § 2255. *See* Crim. Dkt. 48, 50, 51; Civ. Dkt. 1.[1]

In all of these motions, Mr. Brown alleges that withdrawal of funds from his inmate account is improper because he has already satisfied all monetary penalties owing in connection with this case. According to the Court's records, Mr. Brown is correct: he has indeed satisfied his restitution obligation. The Court will enter this finding in the

---

[1] The phrase "Crim. Dkt." refers to docket entries in Petitioner's underlying criminal case, *United States v. Brown*, Case No. 1:13-cr-00060-BLW (D. Idaho). The phrase "Civ. Dkt." refers to docket entries in *Brown v. United States*, Case No. 1:20-cv-00174-BLW (D. Idaho), Petitioner's latest § 2255 proceedings. Petitioner's initial § 2255 motion, which also alleged improper withholding of funds, was filed as Civil Case No. 1:14-cv-00498-BLW (D. Idaho).

MEMORANDUM DECISION AND ORDER - 1

hopes that it will help Mr. Brown resolve this issue. Nevertheless, for the reasons explained below, the Court must dismiss the motions for lack of jurisdiction.

## DISCUSSION

Mr. Brown pleaded guilty to two counts of mail fraud. This Court imposed 33-month sentences, to run concurrently with each other but consecutively to Petitioner's state court term of imprisonment. *See Jdgmt.*, Crim. Dkt. 32 at 2. The Court also ordered restitution in the amount of $59,679.92. *Id.* at 5.

Mr. Brown reports that he began serving his federal sentence on October 9, 2019. Shortly thereafter, he was "required" to sign an IFRP agreement, pursuant to which $25 per month would be deducted from his inmate account. Crim. Dkt. 48 at 1. The Government agrees that Mr. Brown is not obligated to pay these additional funds, and the United States Attorney's Office is working with the BOP to resolve the issue. *See* Crim. Dkt. 49; Civ. Dkt. 2. This Court's own review of the record confirms that Mr. Brown long ago paid all criminal monetary penalties owing in this matter. Accordingly, the BOP should not be withdrawing funds to satisfy restitution amounts in this case.

The body of Mr. Brown's filings reveal that, no matter how those filings are titled, Petitioner is not actually challenging the legality of his sentence. Instead, he is challenging the *execution* of that sentence—the withdrawal of funds to pay restitution that he has already paid in full. *See Matheny v. Morrison*, 307 F.3d 709, 711–12 (8th Cir. 2002) (inmate's claim challenging the IFRP payment schedule was properly framed as § 2241 motion).

MEMORANDUM DECISION AND ORDER - 2

Petitions or motions that challenge the manner, location, or conditions of a sentence's execution must be brought under 28 U.S.C. § 2241 in the *custodial* court, not the sentencing court. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). Because Mr. Brown is not incarcerated in Idaho, this Court is not the custodial court.[2] Rather, Mr. Brown must bring his motions in the district in which he is incarcerated.

## ORDER

**IT IS ORDERED:**

1. Defendant-Petitioner's Motion to Cancel Lien and to Enjoin Payments and Defendant-Petitioner's Motion to Void Entry of Guilty Pleas, Motion to Vacate Sentence, and Notice of Non-Compliance with Plea Agreement (Crim. Dkts. 48, 50, & 51; Civ. Dkt. 1) are DISMISSED for lack of jurisdiction.

2. The Court declines to issue a certificate of appealability.

DATED: April 2, 2021

_____
B. Lynn Winmill
U.S. District Court Judge

---

[2] The Idaho address Mr. Brown provided to the Court is no longer current. *See* Civ. Dkt. 3 (return mail undelivered with the notation, "US Marshall [sic] Custody"). However, Mr. Brown is plainly in the custody of the BOP, which does not have a facility in Idaho. Thus, it is clear that Mr. Brown is not incarcerated in the District of Idaho.

MEMORANDUM DECISION AND ORDER - 3